**MILLER NASH LLP**
Nicole M. McLaughlin, Bar No. 272019
nicole.mclaughlin@millernash.com
340 Golden Shore, Suite 450
Long Beach, CA 90802
Telephone: (562) 435-8002
Facsimile: (562) 435-7967

Attorneys for Plaintiffs ILYON DYNAMICS LTD.
d/b/a ILYON GAMES and BOOMBOX GAMES
LTD.

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILYON DYNAMICS LTD. d/b/a ILYON GAMES and BOOMBOX GAMES LTD., <br><br> Plaintiffs, <br><br> v. <br><br> KINGS FORTUNE PTE. LTD., <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 501), FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114), FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125), INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUNITIVE AND EXEMPLARY DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiffs ILYON DYNAMICS LTD. D/B/A ILYON GAMES ("Ilyon") and BOOMBOX GAMES LTD. ("BoomBox") (collectively, "Plaintiffs"), by and through their attorneys, for their Complaint against Defendant KINGS FORTUNE PTE. LTD. ("Defendant"), allege, on knowledge as to their own actions, and otherwise on information and belief, as follows:

## PRELIMINARY STATEMENT

1.      This is an action for copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq., and for federal false association and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq.

2.      Plaintiffs seek injunctive and monetary relief for the harm caused by Defendant's acts set forth below.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that the case involves a federal question arising under the copyright and trademark laws of the United States.

4.      This Court has personal jurisdiction over Defendant at least because, pursuant to 17 U.S.C. § 512(g)(3), Defendant agreed to personal jurisdiction of this Court via its counter-notice under the Digital Millennium Copyright Act ("DMCA").

5.      Venue is proper in this district under 28 U.S.C. § 1391(b)(3), because Defendant is subject to personal jurisdiction in this district regarding this action, and there is no other district in which the action may otherwise be brought.

## DIVISIONAL ASSIGNMENT

6.      Assignment to the San Jose Division is proper under Civil L.R. 3-2(c) because Defendant is a foreign entity and, pursuant to 17 U.S.C. § 512(g)(3)(D) of the DMCA, Defendant agreed to accept service in the district where the service provider, Google Play, is found, which is in Mountain View, Santa Clara County, California. Therefore, a substantial part of the events or omissions giving rise to the

claims occurred in this division.

## PARTIES

7.      Plaintiff Ilyon is a company that is incorporated in Israel and has its principal place of business in Israel.

8.      Plaintiff BoomBox is a company that is incorporated in Israel and has its principal place of business in Israel. Plaintiff BoomBox is a wholly owned subsidiary of Plaintiff Ilyon.

9.      On information and belief, Defendant is a company that is incorporated in Singapore and has its principal place of business in Singapore.

## FACTS

A.      <u>Plaintiffs and the Copyrighted Work</u>

10.     Plaintiffs bring this action seeking injunctive and monetary relief for Defendant's intentional infringement of copyright in Plaintiffs' "Triple Match 3D" mobile video game (the "Copyrighted Work").

11.     Plaintiff Ilyon is a leading mobile games developer and publisher of casual games with hundreds of millions of downloads in Google Play (the mobile application storefront used by Android users) and the App Store (the mobile application storefront used by iOS users). Ilyon was founded in 2014 by a team of game developers and artists who are passionate about developing unique and enjoyable mobile games. Ilyon's games are loved by mobile users all over the world, and it continuously works to add more fun games to its catalog.

12.     Ilyon offers some of its casual games through its subsidiary companies, including Plaintiff BoomBox. Plaintiff BoomBox is the owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Work. Ilyon distributes and publishes the casual games of its subsidiary companies, including BoomBox.

13.     In or around 2021, Plaintiff BoomBox created the Copyrighted Work. As a result, Plaintiff is the owner of all copyright in the Copyrighted Work. Since

COMPLAINT

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

creation of the Copyrighted Work, Plaintiffs have published, distributed, and advertised copies of the Copyrighted Work in the United States by making the Copyrighted Work available for download on the Android and iOS platforms via the Google Play and App Stores. Over 1,000,000 copies of the Copyrighted Work have been downloaded from these platforms.

14.    Plaintiff BoomBox is the owner of valid and subsisting United States Copyright Registration No. PA 2-421-883 for the Copyrighted Work, issued by the United States Copyright Office with an effective registration date of July 26, 2023. Attached as **Exhibit A** is a true and correct copy of the registration certificate for Registration No. PA 2-421-883.

15.    Plaintiffs have distributed the Copyrighted Work through the Google Play and App Stores, used by Android and iOS users around the world, since approximately February 2022. The Copyrighted Work has been a tremendous success on both platforms, generating millions of dollars revenue for Plaintiffs via in-game advertising and optional in-app purchases.

16.    The Copyrighted Work, aptly titled "Triple Match 3D," is a matching game wherein users match three of the same three-dimensional objects to clear those objects from the game board. Each level has a "goal" for the user to complete within a certain time, such as a certain number of matches of a certain three-dimensional object. Matching continues until the goal for the level is reached. The user can use things like "boosters" to help sort the objects on the game board, making matching easier so that a level can be passed, or "shuffle" to rearrange the items on the board.

17.    In the Copyrighted Work, the three-dimensional objects players match in triplicate to clear the board include many different objects, such as a mug of hot chocolate, an Easter egg, a cup of coffee, and a mug bearing Plaintiff Ilyon's ILYON Logo (arrows added to screen captures of game play below to call out each object):

Miller Nash LLP
Attorneys At Law
Long Beach

COMPLAINT

| Hot Chocolate | Easter Egg | Coffee Cup |
|---|---|---|



ILYON Logo (U.S. TM Reg. No. 5804788)



Each of these objects, sometimes referred to by developers as "assets," were created by Plaintiff BoomBox, are unique to the Copyrighted Work, and are part of the copyright registration for the Copyrighted Work. Although there are third party companies that offer licensable assets for purchase and use by game developers, BoomBox's hot chocolate, easter egg, coffee cup, and ILYON mug (hereinafter, "the Copyrighted Assets") are its own, and are not licensed to others.

18.     As users play the Copyrighted Work, some of the levels include "tutorials" guiding the user on how to play the game and, accordingly, complete the level. The Copyrighted Work also includes features like a "Lives Bank" (showing

how many "lives" a user has left), a leaderboard (showing the user where they rank among other players), and a "Teams" interface (where the user can find other players to play the game with). There are also "pop-ups" throughout the gameplay, like a "Star Chest" pop-up encouraging the user to continue playing, and a "Level Chest" pop-up encouraging the user to continue playing.

19.    With regard to the ILYON Logo used on one of the Copyrighted Assets, the ILYON mug, Plaintiff Ilyon is the owner of all rights, title, and interest in and to the ILYON Logo and permits Plaintiff BoomBox to use the ILYON Logo on the Copyrighted Asset, thereby drawing a correct association between Plaintiff BoomBox, the Copyrighted Work, and Plaintiff Ilyon, since BoomBox is a wholly-owned subsidiary of Ilyon. Ilyon owns the following valid and subsisting U.S. trademark registrations with regard to the ILYON Logo (collectively, the "ILYON Marks"):

| Mark | Goods/Services |
|------|----------------|
| ILYON<br>U.S. TM Reg. No. 5580711<br>Principal Register<br>Registered: October 9, 2018<br>First Used in Commerce: March 23, 2014 | IC 009. Downloadable computer game programs |
| <br>U.S. TM Reg. No. 5804788<br>Principal Register<br>Registered: July 16, 2019<br>First Use in Commerce Date: August 15, 2016 | IC 009. Computer game programmes downloadable via the Internet; Computer game software for use on mobile and cellular phones<br><br>IC 041. Entertainment services, namely, providing temporary use of non-downloadable computer games |

20.     The Copyrighted Work is of significant value to Plaintiffs because of the revenue it generates through advertising and in-app purchases. The Copyrighted Work itself is free to download and play, but the game displays ads that generate revenue for Plaintiffs, and users can optionally purchase items such as extended game play, additional lives, boosters, and the like, generating more revenue for Plaintiffs. Plaintiffs have invested heavily in making the Copyrighted Work enticing to download and play. Plaintiffs' efforts have been quite successful, with the Copyrighted Work generating millions of dollars in revenue monthly.

B.     Defendant's Infringing Conduct

21.     On information and belief, Defendant is engaged in the business of developing and distributing mobile video games, through which it obtains revenue via in-game ads and optional in-game purchases.

22.     Beginning on or around January 2023, Defendant published, distributed, and advertised, or caused to be published, distributed, and advertised, a three-dimensional object matching game titled "Happy Match Café" (the "Infringing Work"), which is substantially similar to the Copyrighted Work. Like the Copyrighted Work, the Infringing Work has been published, distributed, and advertised in the United States by making the Infringing Work available for download on the Android and iOS platforms via the Google Play and App Stores.

23.     On information and belief, Defendant obtained physical possession of or otherwise viewed the Copyrighted Work, and intentionally copied the Copyrighted Work to create the Infringing Work. That Defendant copied the Copyrighted Work when it created the Infringing Work is evidenced by the striking similarities between the Copyrighted Work and the Infringing Work, which cannot possibly be explained other than as a result of copying and Defendant's access to the Copyrighted Work as a result of the widespread dissemination of the Copyrighted Work in the United States and worldwide.

24.     The striking similarities between the Copyrighted Work and the

1   Infringing Work are numerous. In addition to overall similarity in gameplay and
2   user interface, Defendant directly copied the Copyrighted Assets into the Infringing
3   Work, including most audaciously the ILYON mug:

**Copied Three-Dimensional Object – Hot Chocolate**

Infringing Work                                    Copyrighted Work

     

21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Copied Three-Dimensional Object – Easter Egg**

Infringing Work                                Copyrighted Work



**Copied Three-Dimensional Object – Coffee Cup**

Infringing Work                                Copyrighted Work




MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

**Copied Three-Dimensional Object – ILYON Mug**

<u>Infringing Work</u>                    <u>Infringing Work – Zoomed In</u>




16

<u>ILYON Logo</u>

17



18
19
20

21    25.    Plaintiff BoomBox did not authorize Defendant to copy any aspect of

22    the Copyrighted Work, much less the Copyrighted Assets, and Plaintiff Ilyon did

23    not authorize Defendant to use the ILYON Logo nor its registered ILYON Marks.

24    26.    Other similarities between the Copyrighted Work and the Infringing

25    Work, further supporting the conclusion that Defendant copied the Copyrighted

26    Work in creating the Infringing Work, include similar tutorials, similar items and

27    color schemes on the same levels, similar "Lives Bank" design, similar leaderboard

28    design, similar "Teams" user interface, similar "Star Challenge" pop-up

encouraging continued game play, and similar "Level Challenge" pop-up encouraging continued game play. Attached hereto as **Exhibit B** is a comparison of the Infringing Work and the Copyrighted Work illustrating these similarities.

27.    Defendant copied the Copyrighted Work without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

28.    As can be seen from viewing the comparison of the Infringing Work to the Copyrighted Work in Exhibit B, the overall look and feel of the Infringing Work is substantially similar to the Copyrighted Work, and the Infringing Work contains direct copies of the Copyrighted Assets. The bold decision to even copy the ILYON mug demonstrates Defendant was well aware of what it was doing when it created the Infringing Work, and purposefully chose to piggyback off Plaintiffs' success rather than work to create its own.

29.    The damage already done by Defendant's blatant infringement is demonstrable. Obtaining new downloads, keeping existing players engaged and playing, and getting players to make in-app purchases are all crucial to the success of games such as the Copyrighted Work. The Copyrighted Work showed stable growth in downloads and exponential growth in revenue from its release in February 2022, averaging between 500,000 and 1,000,000 downloads per month and up to $12.5 million a month in revenue by February 2023. But as the Infringing Work took off after its release in January 2023, revenue for the Copyrighted Work went down by an amount approximately commensurate with the revenue generated by the Infringing Work (approximately $2.5 million per month). Plaintiffs can never regain those lost impressions and in-app purchases, even if they could regain the lost players.

30.    On or about June 5, 2024, Plaintiffs' counsel sent a notification of claimed infringement under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, to the Google Play store regarding Defendant's offering of the Infringing Work through that platform. As required by the DMCA safe harbor,

Google removed the Infringing Work from the Google Play store. However, Defendant sent to Google a counter-notification under the DMCA, claiming the Infringing Work does not infringe and requesting the Infringing Work be reinstated. Google informed Plaintiffs that it will reinstate the Infringing Work in the Google Play store if it does not receive notification of legal action seeking to restrain the infringement by July 30, 2024. A copy of the email from Google reporting Defendant's counter-notification is attached as **Exhibit C**.

31.     Separately from the DMCA notification/counter-notification process, Defendant wrote to Plaintiffs imploring their reconsideration of the DMCA takedown, claiming that the copied assets in the Infringing Work were actually purchased from a third-party asset designer. Plaintiffs independently compared the third-party assets Defendant claimed to use to the assets it actually used and confirmed Defendant did not use the third-party assets in the reported game; it used copies of the Copyrighted Assets, including the ILYON mug. No third-party asset library includes the ILYON mug. And in any event, the Copyrighted Work is more than simply the Copyrighted Assets; Plaintiff BoomBox's copyright registration is in the "[e]ntire audiovisual work, computer program and texts embodied in video game," minus stock visual elements and open source code not at issue here. The Infringing Work copies the audiovisual work, computer program and texts embodied in the Copyrighted Work.

32.     As a result of Defendant's actions described above, Plaintiffs have been directly damaged, and are continuing to be damaged, by the unauthorized reproduction, distribution, and offering of the Infringing Work. Defendant has never accounted to or otherwise paid Plaintiffs for its use of the Copyrighted Work.

33.     Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law.

/ / /

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

COMPLAINT

**COUNT ONE**

**Federal Copyright Infringement, 17 U.S.C. § 501**

*Urged by Plaintiff BoomBox*

34.     Plaintiffs repeat and reallege paragraphs 1 through 33 hereof, as if fully set forth herein.

35.     The Copyrighted Work is an original audiovisual work containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff BoomBox is the exclusive owner of rights under copyright in and to the Copyrighted Work. Plaintiff BoomBox owns a valid copyright registration for the Copyrighted Work, attached as Exhibit A.

36.     Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, and offering of the Infringing Work, which is copied from and substantially similar to the Copyrighted Work, without Plaintiff BoomBox's permission, Defendant has directly infringed Plaintiff BoomBox's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

37.     On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Work, and has enabled Defendant illegally to obtain profit therefrom.

38.     As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial but presently estimated to be at least $45,000,000. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all advertising and in-app purchases in the Infringing Work, and an accounting of and a constructive trust with respect to such profits.

/ / /

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

COMPLAINT

39.     As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Work. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

**COUNT TWO**

**Federal Trademark Infringement, 15 U.S.C. § 1114**

***Urged by Plaintiff Ilyon***

40.     Plaintiffs repeat and reallege paragraphs 1 through 39 hereof, as if fully set forth herein.

41.     Plaintiff Ilyon owns federal trademark registrations for the ILYON Marks.

42.     Plaintiff Ilyon has used, and has permitted Plaintiff BoomBox to use, the ILYON Marks in U.S. commerce in connection with mobile video games since at least August 15, 2016, to the benefit of Plaintiff Ilyon.

43.     Defendant has used ILYON Marks in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services at least by virtue of including the ILYON mug bearing the ILYON Marks in its Infringing Work.

44.     Defendant's use of the ILYON Marks has been and is without Ilyon's authorization.

45.     Defendant's unauthorized use in commerce of the ILYON Marks as alleged herein is likely to cause confusion, or to cause mistake, or to deceive consumers. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

46.     Defendant has committed the foregoing acts of infringement with full

knowledge of Ilyon's prior rights in the ILYON Marks, at least by virtue of the constructive notice provided by the federal registrations of the ILYON Marks, and thus with the willful intent to cause confusion and trade on ILYON's goodwill.

47. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff Ilyon, and to its goodwill and reputation, and will continue to both damage Plaintiff Ilyon and confuse the public unless enjoined by this court. Plaintiff Ilyon has no adequate remedy at law.

48. Plaintiff Ilyon is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT THREE

### False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125

### *Urged by Plaintiff Ilyon*

49. Plaintiffs repeat and reallege paragraphs 1 through 48 hereof, as if fully set forth herein.

50. Plaintiff Ilyon owns federal trademark registrations covering the ILYON Logo, namely, the ILYON Marks.

51. Plaintiff Ilyon has used, and has permitted Plaintiff BoomBox to use, the ILYON Logo and the ILYON Marks in U.S. commerce in connection with mobile video games since at least August 15, 2016, to the benefit of Plaintiff Ilyon.

52. Defendant has used the ILYON Logo in commerce in connection with the Infringing Work at least by virtue of including the ILYON mug in the Infringing Work.

53. Defendant's aforesaid use of the ILYON Logo has been and is without Plaintiff Ilyon's authorization.

54.     Defendant's unauthorized use in commerce of the ILYON Logo as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's Infringing Work, and is likely to cause consumers to believe, contrary to fact, that the Infringing Work is sold, authorized, endorsed, or sponsored by Plaintiff Ilyon, or that Defendant is in some way affiliated with or sponsored by Plaintiff Ilyon, or that the Infringing Work is really Plaintiff Ilyon's product or that Defendant has somehow become connected to Plaintiff Ilyon.

55.     Defendant's unauthorized use in commerce of the ILYON Logo as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

56.     Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff Ilyon.

57.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff Ilyon, and to Plaintiff Ilyon's goodwill and reputation, and will continue to both damage Plaintiff Ilyon and confuse the public unless enjoined by this court. Plaintiff Ilyon has no adequate remedy at law.

59.     Plaintiff Ilyon is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.     That Defendant has violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2.      That Defendant has violated Section 1114 of the Lanham Act (15 U.S.C. § 1114).

3.      That Defendant has violated Section 1125 of the Lanham Act (15 U.S.C. § 1125).

4.      Granting an injunction preliminarily and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

(a)      distributing, marketing, advertising, promoting, or selling or authorizing any third party to distribute, market, advertise, promote, or sell the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work;

(b)      reproducing or distributing the Copyrighted Work, creating any derivative works based on the Copyrighted Work, or engaging in any activity that infringes Plaintiff BoomBox's rights in its Copyrighted Work; and

(c)      aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

5.      Granting an injunction preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, parents, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

(a)      Manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote goods or services bearing the ILYON Logo or any other ILYON-formative mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the ILYON Marks;

(b)  engaging in any activity that infringes Plaintiff Ilyon's rights in the ILYON Marks;

(c)  engaging in any activity constituting unfair competition with Plaintiff Ilyon;

(d)  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff Ilyon or (ii) Plaintiff Ilyon's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

(e)  using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff Ilyon or tend to do so;

(f)  registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the ILYON Logo or any other ILYON-formative mark or any other mark that infringes or is likely to be confused with the ILYON Marks, or any goods or services of Plaintiffs, or Plaintiffs as their source; and

(g)  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

6.  That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.

/ / /

7. That Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining copies of the Infringing Work and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them.

8. That Defendant, at its own expense, be ordered to recall and remove the Infringing Work from any distributors, retailers, vendors, or others that have distributed the Infringing Work on Defendant's behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Work, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

9. Awarding Plaintiff BoomBox:

(a) Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from advertising and in-app purchases and other exploitation of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

(b) damages sustained by Plaintiff BoomBox as a result of Defendant's infringing conduct, in an amount to be proven at trial but presently estimated to be at least $45,000,000;

(c) Plaintiff BoomBox's costs pursuant to 17 U.S.C. § 505.

10. Awarding Plaintiff BoomBox interest, including pre-judgment and post-judgment interest, on the foregoing sums.

11. Directing that Defendant account to and pay over to Plaintiff Ilyon all profits realized by Defendant's wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

COMPLAINT

1   Ilyon for the damages caused thereby.

2       12.    Awarding Plaintiff Ilyon punitive and exemplary damages as the court

3   finds appropriate to deter any future willful unfair competition.

4       13.    Declare that this is an exceptional case pursuant to Section 35(a) of the

5   Lanham Act and award Plaintiff Ilyon its costs and reasonable attorneys' fees

6   thereunder (15 U.S.C. § 1117(a)).

7       14.    Awarding such other and further relief as the Court deems just and

8   proper.

9                           **DEMAND FOR JURY TRIAL**

10

11      Plaintiffs demand a trial by jury on all issues in this complaint that are so

12  triable as a matter of right.

13

14
    Dated: July 29, 2024                    MILLER NASH LLP
15

16

17                                          By: */s/ Nicole M. McLaughlin*
18                                          Nicole M. McLaughlin
                                            Attorneys for Plaintiffs ILYON
19                                          DYNAMICS LTD. d/b/a ILYON
                                            GAMES and BOOMBOX GAMES
20                                          LTD.

21

22

23

24

25

26

27

28

**EXHIBIT A**

**Plaintiff BoomBox's Copyright Registration**

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

**Registration #:**  PA0002421883
**Service Request #:**  1-12724034081



Miller Nash LLP
Lisa Motherwell
605 5th Ave S, Ste 900
Seattle, WA 98104 United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## PA 2-421-883

**Effective Date of Registration:**
June 29, 2023
**Registration Decision Date:**
July 26, 2023

## Title

**Title of Work:** Triple Match 3D

## Completion/Publication

**Year of Completion:** 2015
**Date of 1st Publication:** February 21, 2022
**Nation of 1st Publication:** Israel

## Author

- **Author:** BoomBox Games Ltd.
**Author Created:** Entire audiovisual work, computer program and texts embodied in video game
**Work made for hire:** Yes
**Citizen of:** Israel

## Copyright Claimant

**Copyright Claimant:** BoomBox Games Ltd.
Lev Haaretz Industrial Zone POB 731, Rosh Haayin, 4810602, Israel
**Transfer statement:** All work was done by employees of BoomBox and assigned pursuant to their
employment agreements.

## Limitation of copyright claim

**Material excluded from this claim:** stock visual elements licensed from other sources and portions of code that are
open source or licensed from other sources

**New material included in claim:** Entire audiovisual work, computer program and texts embodied in video game

## Rights and Permissions

**Organization Name:** Miller Nash LLP
**Name:** Robert C. Cumbow
**Email:** trademark@millernash.com

**Telephone:** (206)624-8300
**Address:** 605 5th Ave S, Ste 900
Seattle, WA 98104 United States

## Certification

**Name:** Lisa Motherwell
**Date:** June 29, 2023
**Applicant's Tracking Number:** 573260-2100

**Correspondence:** Yes

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**Comparison of the Copyrighted Work and the Infringing Work**

# Step by Step Comparison (iOS)

Left - Happy match cafe (KINGS FORTUNE PLE.LTD.), Right - Triple Match(Boombox Games LTD)

# Level 1- Starting tutorial

## HM Cafe



## Triple Match



# Copied Custom item from Triple's weekly challenge - Hot chocolate

### HM Cafe



### Triple Match



# Copied custom item from Triple's weekly challenge - Easter Egg

## HM Cafe



## Triple Match



# Ilyon logo cup present in Happy Match Cafe items on board

## HM Cafe



# Copied Custom item from Triple's Weekly challenge - Coffee cup

## HM Cafe



## Triple Match



# Level 9 - similar items and color scheme

## HM Cafe



## Triple Match



# Similar weekly challenge event intros

## HM Cafe



## Triple Match



# Weekly Event (ladder)





# Same hearts bank design

## HM Cafe



## Triple Match



# Similar LB design

## HM Cafe



## Triple Match



# Same Teams UI

## HM Cafe



## Triple Match



# Similar Star Chest popup

## HM Cafe



## Triple Match



# Similar Level Chest popup

HM Cafe



Triple Match



1

**EXHIBIT C**

2

**Google's Reporting of Defendant's Counter-Notification**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Homen, Delfina**

| | |
|---|---|
| **From:** | removals@google.com |
| **Sent:** | Tuesday, July 16, 2024 8:24 PM |
| **To:** | naneen.b@ilyon.net |
| **Subject:** | Re: [1-3839000036563] Your Request to Google |

Hello,

Thanks for reaching out to us.

In response to your copyright removal request, we've removed the content in question in all regions. However, the affected user has submitted a counter notice to dispute the removal. To help you understand the counter notice, a text copy is shown below.

We will reinstate the content in question in 10 business days unless you file a legal action seeking a court order to restrain the alleged infringement. Alternatively, you may have access to an out-of-court dispute resolution process. To learn more about your options in the EU, go to https://support.google.com/european-union-digital-services-act-redress-options. To learn more about your options in the US, go to https://support.google.com/legal/answer/4558836.

If you choose to pursue one of these options, please send us supporting documentation. If we receive your documentation after we have reinstated the alleged infringing content, we will reverse the reinstatement.

==================================

所在国家/地区
Singapore
法定全名
Liu Bing
您的职位
Marketing Director
联系邮箱
developer@kingsfortunegames.com
地址
Singapore
143 CECIL STREET #03-01 GB BUILDING
069542
电话号码
83038679
相关内容的网址
https://play.google.com/store/apps/details?id=com.kingsfortune.happymatchcafe&hl=en
开发者
KINGS FORTUNE PTE.LTD.

应用名称

Happy Match Cafe

您为何要提交恢复请求？

请选择下列选项之一。

clarify_other

请提供更多详细信息，以证明您的要求是合理的

Happy Match Cafe have the Certificate of Registration, Registration Number is TX 9-310-902.

Please check the detailed profiled in the link below:

https://drive.google.com/drive/folders/1x0miMrYML-Qn9nonSAMULpfu28Ivo7JQ

**本人同意服从所在司法**辖区联邦地方法院（如果本人所在地不在美国境内，则为加利福尼亚北区联邦地方法院）的管辖，并且接受根据第 (c)(1)(C) **款提供通知的相关方或其代理人**递送的诉讼文书。

请勾选方框以示确认

**本人特此宣誓，本人有充分的理由确信上述内容是因**为失误或误判而被移除或停用的。如作伪证，愿受处罚。

请勾选方框以示确认

**本人已尽最大努力确保以上所提供的信息准确无**误。

请勾选方框以示确认

签名

Liu Bing

---------------

DOCUMENT

----------------

=====================================

Regards,

The Google Team

*For more information about our content removal process, see* g.co/legal.